IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 21-210 |
| PASCAL GEDEON | : |

### MEMORANDUM

PRATTER, J.                                                                                                                                         APRIL *13*, 2023

On May 20, 2021, a federal grand jury in the Eastern District of Pennsylvania returned an indictment charging Pascal Gedeon with two counts of distribution and attempted distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(1), (b)(1). Mr. Gedeon now moves to have the Court instruct the jury that is has the power to acquit him even if the government proves his guilt beyond a reasonable doubt, invoking the doctrine of jury nullification. But while jurors may have the power to engage in nullification, their sworn duty is to apply the law to the facts, and any instruction suggesting otherwise is improper. Therefore, the Court denies Mr. Gedeon's request.

### DISCUSSION

In our criminal justice system, a verdict of not guilty is unassailable. If a jury acquits a defendant, the government cannot seek appellate review, *United States v. Ball*, 163 U.S. 662, 671 (1896), nor can it secure a new trial on the grounds that an acquittal was plainly contrary to the evidence presented, *Standefer v. United States*, 447 U.S. 10, 23 (1980). As an unavoidable consequence of this, juries have the *de facto* power to return a verdict "in the teeth of both law

and facts" and acquit a defendant even where the government has proved guilt beyond a reasonable doubt. *Horning v. District of Columbia*, 254 U.S. 135, 138 (1920).

Jury nullification has a "long and complicated history," stretching back to the Founding Era. *United States v. Thomas*, 116 F.3d 606, 614 (2d Cir. 1997) (citing John D. Gordan III, *Juries as Judges of the Law: The American Experience*, 108 LAW Q. REV. 272 (1992); Mark De Wolfe Howe, *Juries as Judges of Criminal Law*, 52 HARV. L. REV. 582 (1939)); *see also* Irwin A. Horowitz, *Jury Nullification: An Empirical Perspective*, 28 N. ILL. U. L. REV. 425, 427 (2007-2008). This history contains both "benevolent" and "shameful" examples of juries exercising the nullification power. *See Thomas*, 116 F.3d at 614-18. At its best, nullification promises to introduce an element of lenity, as in the 1735 acquittal of John Peter Zenger for libel,[1] or the many nineteenth-century acquittals in prosecutions under the fugitive slave laws. *Id.* at 614. At its worst, nullification permits juries to sanction murder and lynching, as in the 1955 acquittal of J.W. Millam and Roy Bryant for the murder of fourteen-year-old Emmet Till. *Id.* at 616.

But the nullification power is just that—a power. It is not a right, and courts have no duty to protect or otherwise ensure a jury's free exercise thereof. *See Merced v. McGrath*, 426 F.3d 1076, 1079 (9th Cir. 2005). To the contrary, nullification "is a violation of the juror's sworn oath to render a verdict according to the law and evidence," *United States v. Fattah*, 914 F.3d 112, 148 (3d Cir. 2019), one so serious that a court has a duty to prevent it if possible, including by investigating credible allegations of nullification, even during jury deliberations, *United States v. Kemp*, 500 F.3d 257, 301 (3d Cir. 2007). For a court to give an instruction on how jurors might violate their oaths would "undermine[] the impartial determination of justice

---

[1] Notably for this district, the Zenger trial and the zealous advocacy of attorney Andrew Hamilton are responsible for the term "Philadelphia Lawyer" entering the American lexicon. *See* Philadelphia Bar Association, *Our History*, https://philadelphiabar.org/?pg=AboutHistory (last visited April 13, 2023).

based on law." *United States v. Krzyske*, 836 F.2d 1013, 1021 (6th Cir. 1988). Accordingly, courts have "almost uniformly held that a criminal defendant" has no right to a nullification instruction. *United States v. Trujillo*, 714 F.2d 102, 105-06 (11th Cir. 1983) (collecting cases).

So, too, here. The Court will instruct the jury on the law in this case and as to its duty to apply that law to the facts. It will not include any instruction that either highlights or encourages use of the nullification power. Therefore, the Court denies Mr. Gedeon's motion. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE