# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 21-210** |
| | : | |
| **PASCAL GEDEON** | : | |

## M E M O R A N D U M

PRATTER, J.                                                                              APRIL 2̸6̸, 2023

On May 20, 2021, a federal grand jury in the Eastern District of Pennsylvania returned an indictment charging Pascal Gedeon with two counts of distribution and attempted distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1).  Mr. Gedeon, now proceeding *pro se*, has filed a Motion for Recusal under 28 U.S.C. §§ 455 and 144, alleging that the Court has abused its discretion and shown bias in his case. The Government opposes Mr. Gedeon's motion. For the reasons set forth below, the Court denies Mr. Gedeon's motion.

### BACKGROUND

Mr. Gedeon's case was reassigned to this Court in July 2022, approximately 13 months after his indictment and arrest. Mr. Gedeon filed a first *pro se* motion for recusal on August 31, 2022, while he was represented by appointed counsel. Following a status conference held on September 26, 2022, Mr. Gedeon, again acting *pro se* despite being represented, moved to withdraw that motion. On September 29, 2022, this Court ordered Mr. Gedeon's first motion for recusal withdrawn.

Less than a month later, while still represented, Mr. Gedeon filed the pending *pro se* motion for recusal. In March 2023, after granting Mr. Gedeon's motion to proceed *pro se*, the Court

1

directed the Government to respond in writing to the motion. Both parties having had an opportunity to brief their arguments, the motion is ripe for decision.

LEGAL STANDARDS

## I.  Recusal Under 28 U.S.C. § 144

The statute governing recusal, 28 U.S.C. § 144, provides:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

28 U.S.C. § 144. The mere filing of an affidavit, however, will not automatically disqualify a judge; rather, the Court must determine whether the affidavit (1) alleges legally sufficient facts to warrant recusal and (2) was timely filed. *United States v. Townsend,* 478 F.2d 1072, 1073 (3d Cir. 1973).

It falls to the judge implicated in a § 144 affidavit to determine whether legally sufficient facts have been alleged. *Id.* "It is equally [the judge's] duty to deny the affidavit on insufficient grounds as to allow it on sufficient allegations." *Simmons v. United States,* 302 F.2d 71, 75 (3d Cir. 1962); *see also Simonson v. Gen. Motors Corp.,* 425 F. Supp. 574, 578 (E.D. Pa. 1976) ("While, in proper cases, we have a duty to recuse ourselves, in [other cases], we have [a] concomitant obligation not to recuse ourselves; absent a valid reason for recusal, there remains what has sometimes been termed a 'duty to sit.'").

When a party files a motion and supporting affidavit pursuant to § 144, the district judge will accept the allegations of the movant as true. *United States v. Furst,* 886 F.2d 558, 582 (3d Cir. 1989). "Neither the truth of the allegations nor the good faith of the pleader may be questioned, regardless of the judge's personal knowledge to the contrary." *Mims v. Shapp,* 541 F.2d 415, 417 (3d Cir. 1976). The movant must set forth "[f]acts, including time, place, persons, and circumstances." *Townsend,* 478 F.2d at 1074. Generalized statements which fail to cite to specific

2

acts will not suffice to substantiate "a successful attack upon the qualifications of the Judge to sit in the proceedings." *Simmons*, 302 F.2d at 76; *see also United States v. Enigwe*, 155 F. Supp. 2d 365, 370 (E.D. Pa. 2001) ("[T]he affidavit on which a motion for recusal is based must state particularized facts and reasons showing why recusal is required.").

However, the Court is not required to credit "[c]onclusory statements and opinions." *United States v. Vespe*, 868 F.2d 1328, 1340 (3d Cir. 1989); *see also Cooney v. Booth*, 262 F. Supp. 2d 494, 502 (E.D. Pa. 2003) ("[T]he court may disregard personal opinions and conclusions when determining whether the allegations within the affidavit are sufficient to establish the existence of personal bias on the part of the presiding judge."); *Bumpus v. Uniroyal Tire Co. Div. of Uniroyal Inc.*, 385 F. Supp. 711, 715 (E.D. Pa. 1974) ("Subjective conclusions or opinions that bias or the appearance of impropriety may exist are insufficient to require a Judge's disqualification."). The judge against whom the § 144 affidavit is filed has a duty to withdraw when "the reasons and facts, regardless of their truth or falsity, fairly support 'the charge of a bent of mind that may prevent or impede impartiality of judgment.'" *Simmons*, 302 F.2d at 75 (quoting *Berger v. United States*, 255 U.S. 22, 33–34 (1921)).

## II.    Recusal and Disqualification Under 28 U.S.C. § 455

Separately, 28 U.S.C. § 455 governs disqualification based on the appearance of impropriety or actual bias. Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for disqualification under this provision is "whether a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Intern. Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). The standard is objective: "[t]he judge does not have to be *subjectively* biased or prejudiced, so long as he *appears* to be so." *United States v. Ciavarella*, 716 F.3d 705, 718 (3d Cir. 2013) (quoting *Liteky v. United States*, 510 U.S. 540,

553 n.2 (1994)); *see also Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997) ("The standard for recusal is whether an objective observer reasonably might question the judge's impartiality."). Under 28 U.S.C. § 455(b)(1), recusal is required where a judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1).

Unlike the analysis under 28 U.S.C. § 144, "when deciding a motion for recusal under Section 455(a) [or Section 455(b)], the court need not accept the Movant's allegations as true." *Cooney*, 262 F. Supp. 2d at 504 (collecting cases); *see also United States v. Sciarra*, 851 F.2d 621, 625 n.12 (3d Cir. 1988) (noting the "considerable authority for the proposition that the factual accuracy of affidavits submitted pursuant to 28 U.S.C. § 455 may be scrutinized by the court deciding the motion for recusal"); 13D Charles Alan Wright et al., Federal Practice & Procedure § 3550 (3d ed. 2023 update) ("If a party does move for disqualification under § 455, and the motion is supported by an affidavit, . . . the court is not required to accept the factual statements as true."). Rather, the judge is permitted to contradict the factual allegations made in the movant's affidavit based on her own knowledge and the record. *Cooney*, 262 F.Supp.2d at 504 (citing *Mass. Sch. of Law at Andover, Inc.*, 872 F. Supp. at 1349).

## III. Adverse Rulings Are Not a Basis for Recusal

"[D]isagreement with a judge's determinations certainly cannot be equated with the showing required to so reflect on [her] impartiality as to dictate recusal" because, in the event a court's rulings are in error, such rulings are reviewable on appeal. *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1356 (3d Cir. 1990). The Supreme Court weighed in on the inappropriateness of disqualification on the mere basis of an adverse ruling long ago:

> [Recusal] was never intended to enable a discontented litigant to oust a judge
> because of adverse rulings made, for such rulings are reviewable otherwise, but to

prevent his future action in the pending cause. Neither was it intended to paralyze the action of a judge who has heard the case, or a question in it, by the interposition of a motion to disqualify him between a hearing and a determination of the matter heard.

*Ex Parte Am. Steel Barrel Co.,* 230 U.S. 35, 44 (1913).

Relatedly, the party moving for recusal must generally show that a judge's bias or prejudice is based on extrajudicial sources—for example, a personal animus. *Smith v. Danyo*, 585 F.2d 83, 87 (3d Cir. 1978). "Extrajudicial bias refers to a bias that is not derived from the evidence or conduct of the parties that the judge observes in the course of [current or prior] proceedings." *Johnson v. Trueblood*, 629 F. 2d 287, 291 (3d Cir. 1980) (internal quotation marks omitted); *see also Liteky*, 510 U.S. at 555. If the moving party does not rely on an extrajudicial source as evidence of bias and instead relies on "facts introduced or events occurring in the course of the proceedings, or of prior proceedings," then it has the heavy burden of showing that the judge to be recused harbors "deep-seated favoritism or antagonism [that] would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

## DISCUSSION

Mr. Gedeon argues, with no particularized factual allegations of extrajudicial sources of bias, that the Court "is required to recuse for impropriety, abuse of discretion, and bias and prejudice." Def.'s Mot. for Recusal at 10, Doc. No. 87. Indeed, Mr. Gedeon relies on only two actions of the Court in asserting that recusal is justified: (1) the continuance of the trial date in light of Mr. Gedeon's then-pending motion to proceed *pro se*, and (2) the Court's denial of Mr. Gedeon's motion to dismiss the indictment. Neither example is sufficient to warrant recusal under either § 455 or § 144.[1]

---

[1]     Because Mr. Gedeon did not file a sworn affidavit along with his motion, as required by 28 U.S.C. § 144, technically that statute is inapplicable to this motion. *United States v. Berger*, 375 F.3d 1223, 1227

I.    **Continuance of the Trial Date**

The decision to continue the trial date in light of the host of motions filed by Mr. Gedeon, including his motion to proceed *pro se*, is insufficient justification for the Court to recuse itself from this matter.

Under the determination required by 28 U.S.C. § 144, Mr. Gedeon's motion is patently deficient, having alleged no facts about the "time, place, persons, and circumstances" relating to the Court's decision to continue his trial date. *Townsend*, 478 F.2d at 1074. Mr. Gedeon's actual disagreement with the Court's continuance is based entirely on a differing viewpoint on the requirements of the Federal Rules of Criminal Procedure. Such conclusory statements of opinion or belief as to procedural requirements need not be credited under the § 144 analysis. *Vespe*, 868 F.2d at 1340.

Under the slightly different analysis required by 29 U.S.C. § 455, continuance of a trial date, in light of Mr. Gedeon's voluminous filings, including his motion to proceed *pro se*, does not create the appearance of impropriety on the part of the Court. To the contrary, continuances spurred by the need for a court to rigorously assess a defendant's competency to represent himself or herself are not unwarranted. *See, e.g., United States v. Taylor*, 21 F.4th 94, 100 (3d Cir. 2021) (finding that a district court must conduct a "sufficiently penetrating inquiry to satisfy itself" that a defendant seeking to represent himself "(1) has clearly and unequivocally asserted his desire to represent himself; (2) understands the nature of the charges, the range of possible punishments, potential defenses, technical problems that [he] may encounter, and any other factors important to a general understanding of the risks involved; and (3) is competent to stand trial" (internal

---

(11th Cir. 2004). Nevertheless, as Mr. Gedeon represents himself, and for the sake of thoroughness, the Court will proceed to analyze the merit of Mr. Gedeon's claims under both statutes.

quotation marks omitted)). In any event, this source of the Court's alleged bias is not extrajudicial, as it occurred in the course of pretrial hearings and rulings, and falls far short of a showing that "deep-seated favoritism or antagonism [that] would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

## II.      Denial of the Motion to Dismiss the Indictment

Mr. Gedeon's assertion that the Court erred in denying his counseled motion to dismiss the indictment is likewise not sufficient to justify the Court's recusal here.

Again, Mr. Gedeon's allegations on this point are devoid of the factual assertions under § 144 as to any extrajudicial circumstances surrounding the Court's order denying the motion to dismiss the indictment. Rather, the issues Mr. Gedeon raises on the insufficiency of the indictment are merely his own legal conclusions, and his motion reads as a motion for reconsideration of the motion to dismiss. Again, the Court is under no obligation to credit these legal conclusions in considering Mr. Gedeon's motion to dismiss. *Vespe*, 868 F.2d at 1340.

Under § 455, an adverse ruling as to Mr. Gedeon's motion to dismiss the indictment would not lead "a reasonable person, with knowledge of all the facts, [to] conclude that the [Court's] impartiality might reasonably be questioned." *In re Kensington Intern. Ltd.*, 368 F.3d 289, 301 (3d Cir. 2004). And the absence of any factual allegations as to this alleged basis for judicial disqualification—and Mr. Gedeon's lengthy citations to law he believes supports his motion to dismiss the indictment—reveal that the underpinning of Mr. Gedeon's motion for recusal is merely a disagreement as to the Court's earlier adverse ruling. As such, that disagreement "cannot be equated with the showing required to so reflect on impartiality as to require recusal." *In re TMI Litig.*, 193 F.3d 613, 728 (3d Cir. 1999). Finding otherwise would not only run counter to the federal court system, in which Mr. Gedeon may exercise his right to appeal the rulings of this Court in due

course, *Ex Parte Am. Steel Barrel Co.*, 230 U.S. at 44, but would also permit a party to hoist a sword of Damocles over every district judge finding that the law compelled a conclusion counter to that litigant's argument. The Court cannot countenance that result.

CONCLUSION

Mr. Gedeon has failed to show that recusal of this Court is warranted under 28 U.S.C. §§ 144 and 455, and the Court continues to have an obligation to preside over this matter. Mr. Gedeon's Motion for Recusal is therefore denied. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE