IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO. 21-210 |
| | : | |
| PASCAL GEDEON | : | |

# MEMORANDUM

PRATTER, J.                                                                                          MAY, 2023

On May 20, 2021, a federal grand jury in the Eastern District of Pennsylvania returned an indictment charging Pascal Gedeon with two counts of distribution and attempted distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2), (b)(1). Mr. Gedeon, now proceeding *pro se*, has filed a Motion to Stop Dilatory Practices, alleging that the Court has engaged in dilatory practices, resulting in the delay of his criminal trial. For the reasons set forth below, the Court denies Mr. Gedeon's motion.

## BACKGROUND

Mr. Gedeon argues that this Court, and the judge previously presiding over his criminal case,[1] engaged in the following dilatory practices: (1) attempting to postpone a hearing on a motion for six months; (2) granting a continuance to address Mr. Gedeon's motion to proceed *pro se*; (3) during a status hearing held on September 26, 2022, the Court claimed that there was no motion to proceed *pro se* pending on the docket; (4) the Court ordered that Mr. Gedeon undergo a hearing test after a colloquy with him during which he contends that he displayed no signs of hearing impairment; (5) the Court held another status hearing on March 23, 2023, during which the same

---

[1]     Mr. Gedeon's case was reassigned to this Court in July 2022, approximately 14 months after his indictment and arrest.

1

issues were covered that were previously discussed during the September 26, 2022 status hearing; and (6) the Court ordered the government to respond to Mr. Gedeon's motion for recusal, which he subsequently withdrew. Mr. Gedeon requests that the Court dismiss his criminal case under Federal Rules of Criminal Procedure 48 and 50.

## Legal Standards

Under Rule 48, a Court "may dismiss an indictment, information, or complaint if unnecessary delay occurs in . . . bringing a defendant to trial.[2] Fed. R. Crim. P. 48(b)(3). The decision to grant or deny a Rule 48(b) motion is within the discretion of the Court. *Gov't of V.I. v. Lee*, 775 F.2d 514, 526 (3d Cir. 1985). Rule 48(b) is "a vehicle for enforcing a defendant's speedy trial right" and "a restatement of the court's inherent power to dismiss a case simply for want of prosecution." *United States v. Dreyer*, 533 F.2d 112, 113 n.1 (3d Cir. 1976). "Under *Dryer*, when a Rule 48(b) claim is based on prejudice arising from delay, the case should be analyzed on constitutional grounds." *United States v. Nikparvar-Fard*, No. 18-cr-101-1, 2022 WL 17996018, at *12 (E.D. Pa. Dec. 29, 2022). To the extent Mr. Gedeon's claim regarding delay is a Sixth Amendment challenge, the Court must determine whether there has been a violation of Mr. Gedeon's constitutionally protected speedy trial rights. *See id.* To the extent his claim is a request for the Court to use its inherent power to a dismiss the case for want of prosecution, the court "may dismiss [the] indictment . . . only if the Government engaged in misconduct, the defendant was prejudiced, and no less severe remedy was available to address the prejudice." *United States v. Wright*, 913 F.3d 364, 371 (3d Cir. 2019).

---

[2]    Under Federal Rule of Criminal Procedure 50, courts must give criminal proceedings scheduling preference, "as far as practicable." Fed. R. Crim. P. 50. Unlike Rule 48(b), Rule 50 does not give the Court inherent power to dismiss an indictment if unnecessary delay occurs. Therefore, the Court will address only whether it can dismiss Mr. Gedeon's indictment under Rule 48(b).

2

## DISCUSSION

### I. Prejudice Arising From Delay

Mr. Gedeon seeks dismissal of his criminal case under Rule 48(b) based on prejudice he allegedly suffered as a result of delay caused by the Court. As such, the Court must consider whether Mr. Gedeon's Sixth Amendment speedy trial right has been violated, even though Mr. Gedeon has not explicitly asserted the right in his present motion. *See Dreyer*, 533 F.2d at 113 n.1; *United States v. Murrietta*, No. 20-cr-218-17, 2022 WL 2117766, at *4 (W.D. Pa. June 13, 2022) ("Although Defendant cites Rule 48(b)(3) in his Motion, his argument appears to relate solely to a Sixth Amendment challenge. . . .").

In *Barker v. Wingo*, 407 U.S. 514, 530 (1971), the Supreme Court identified four factors that Courts should consider when determining whether a defendant's Sixth Amendment speedy trial right has been violated: "(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the Defendant." *United States v. Zabady*, 546 F. Supp. 35, 38 (M.D. Pa. 1982) (citing *Barker*, 407 U.S. at 530). None of the factors are "either a necessary or a sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with other such circumstances as may be relevant." *Barker*, 407 U.S. at 533.

### A. Length of Delay

Mr. Gedeon was indicted on May 20, 2021. On July 29, 2022, the Court entered an order granting a continuance of Mr. Gedeon's trial because

> the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice, and the Court must undertake consideration of the defendant's newly submitted demand to proceed pro se.
> [I]n accordance with 18 U.S.C. § 3161(h)(7)(A), (B), the Court finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant in a speedy trial and, therefore, orders this case continued

3

to a date to be set after resolution of the pending motions and defendant's demand to represent himself.

July 29, 2022 Order. Mr. Gedeon then filed the present motion to stop dilatory practices on April 20, 2023.

Although it has been two years since Mr. Gedeon was indicted, and as of the date of this memorandum, a trial date has not been scheduled, the Court concluded that this delay is necessary in light of Mr. Gedeon's desire to proceed *pro se* and Mr. Gedeon's various *pro se* motions, which will require resolution before trial. Because this delay has been deemed necessary, this factor cuts against a finding of a Sixth Amendment violation.

### B. Reasons for the Delay

#### 1. Mr. Gedeon Argues That the Court Caused the Delay

Courts consider "the reason the government assigns to justify the delay," *Barker*, 407 U.S. at 531, thus the government "bears the burden to justify the delay," *Hakeem v. Beyer*, 990 F.2d 750, 770 (3d Cir. 1993). There are three categories of rationales for delay:

> A deliberate effort by the Government to delay the trial "in order to hamper the defense" weighs heavily against the Government. *Barker*, 407 U.S. at 531, 92 S. Ct. 2182. A "more neutral reason such as negligence or overcrowded courts" also weighs against the Government, though "less heavily." *Id.* This is because "ultimate responsibility for such circumstances must rest with the [G]overnment," since it is the Government's duty to bring a defendant to trial. *Id.* at 527, 531, 92 S. Ct. 2182. Finally, "a valid reason, such as a missing witness, should serve to justify appropriate delay." *Id.* at 531, 92 S. Ct. 2182.

*United States v. Battis*, 589 F.3d 673, 679 (3d Cir. 2009).

Mr. Gedeon argues that the delay is attributable to the following actions of this Court, and the judge previously presiding over his criminal case: (1) attempting to postpone a hearing on a motion for six months; (2) granting a continuance to address Mr. Gedeon's motion to proceed *pro se*; (3) during a status hearing held on September 26, 2022, the Court claimed that there was no motion to proceed *pro se* pending; (4) the Court ordered that Mr. Gedeon undergo a hearing test

4

after a colloquy with him during which he contends that he displayed no signs of hearing impairment; (5) the Court held another status hearing on March 23, 2023, during which the same issues were covered that were previously discussed during the September 26, 2022 status hearing; and (6) the Court ordered the government to respond to Mr. Gedeon's motion for recusal, which he subsequently withdrew.

As to the first reason for delay, Mr. Gedeon does not specify which motion and which hearing he is referring to, thus the Court is unable to assess this potential reason for delay. However, a review of the docket does not present any clear picture of what Mr. Gedeon may be alluding to.

Second, Mr. Gedeon refers to the Court's July 29, 2022 Order continuing the case pending a resolution of Mr. Gedeon's "demand to represent himself." However, the Court entered this Order in accordance with 18 U.S.C. § 3161(h)(7)(A), which provides that "[a]ny period of delay resulting from a continuance granted by any judge . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" "shall be excluded . . . in computing the time within which the trial . . . must commence." 18 U.S.C. § 3161(h)(7)(A). So, any passage of time from this continuance will be excluded under the Speedy Trial Act. Exclusion of this time under the Speedy Trial Act weighs in favor of the validity of this reason for delay because in most cases, "[t]he protections of the [Speedy Trial] Act exceed those of the Sixth Amendment, which does not require that trial commence within a specified time." *United States v. Lattany*, 982 F.2d 866, 870 n.5 (3d Cir. 1992). "[B]ecause the [Speedy Trial Act] was enacted largely to make defendants' constitutional speedy trial rights meaningful, many courts have noted that 'it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth

5

Amendment right to speedy trial has been violated.'" *United States v. Alvin*, 30 F. Supp. 3d 323, 340 (E.D. Pa. 2014) (quoting *United States v. Nance*, 666 F.2d 353, 360 (9th Cir. 1982)); *see also United States v. Salimonu*, 182 F.3d 63, 69 (1st Cir. 1999) ("[I]t would be unusual to have a case where the [Speedy Trial Act] is satisfied but the Sixth Amendment guarantee is violated."). This is not that rare or unusual case, and the Court is satisfied that this reason for delay is valid under the Sixth Amendment. Therefore, the period of delay resulting from this continuance is justified. *See Battis*, 589 F.3d at 679.

Third, it is unclear how any delay resulted from the Court stating that there was no motion to proceed *pro se* pending on the docket at the time of the September 26, 2022 status hearing. On November 12, 2021, Mr. Gedeon filed a motion to proceed *pro se*; however, he subsequently filed a motion to withdraw this motion on March 9, 2022. Thus, at the time of the September 26, 2022 status hearing, no motion to proceed *pro se* was pending on the docket. Although no such request had been formally filed, Mr. Gedeon had submitted various correspondence to the Court, some informally requesting that he be permitted to represent himself. During the hearing, the Court acknowledged this correspondence, confirmed with Mr. Gedeon whether it was still his desire to proceed *pro se*, and instructed him to consult with his then-counsel to properly file a motion to proceed *pro se*. Mr. Gedeon filed a motion to proceed *pro se* on the docket on October 4, 2022, and a hearing on this motion was held shortly thereafter on November 9, 2022. So, it does not appear that this interaction caused any delay.

As to the fourth alleged cause for delay, Mr. Gedeon contends that the Court ordered that he undergo a hearing test after a colloquy with him in court during which he says that he displayed no signs of a hearing impairment. Mr. Gedeon is correct that the Court ordered that he undergo a hearing test; however, he is incorrect that the test was not warranted. At a hearing on November

6

9, 2022, the Court engaged in a colloquy with Mr. Gedeon regarding his desire to proceed *pro se*, during which the following exchange took place between Mr. Gedeon and the Court:

> Court: Do you have any hearing impediment?
> Mr. Gedeon: I was not diagnosed with anything, but I have trouble to hear but it's not that bad like I can describe it.
> Court: Have you had a hearing test recently?
> Mr. Gedeon: No.
> Court: When you say you've got a hearing problem but it's, quote, not that bad, close quote, what do you mean? What can you hear?
> Mr. Gedeon: It's not noticeable. It's like – it's not – it's not to the point that people will notice. If I don't tell someone about it, they're not – they don't realize that.
> Court: Well, you notice it, right, that you've got a hearing problem?
> Mr. Gedeon: If I'm nervous.
> Court: No, do you notice it if you've got a hearing problem?
> Mr. Gedeon: It's minor, it's not – it's not that bad.
> Court: And yet you know you've got a hearing problem.
> Mr. Gedeon: Yes.

Nov. 9, 2022 Tr., 12:9–13:6. Based on Mr. Gedeon's own admissions that he had a hearing impairment, the hearing test ordered by the Court was warranted, thus the time to arrange and conduct such a test was justified. *See Barker*, 407 U.S. at 531 ("[A] valid reason . . . should serve to justify appropriate delay."). The Court's concern that a defendant clearly hear proceedings in court can hardly be doubted, given the importance of them to the defendant and the public.

Fifth, Mr. Gedeon argues that the Court caused delay by discussing the same issues in the March 23, 2023 status hearing as were previously discussed during the September 26, 2022 status hearing. During the September 26, 2022 hearing, the Court discussed numerous *pro se* motions filed by Mr. Gedeon despite the fact that he was represented by counsel at the time. The Court also discussed various submissions to the Court that had not been filed on the docket, including an informal submission by Mr. Gedeon requesting that he be permitted to represent himself. As set forth above, the Court acknowledged Mr. Gedeon's request during the hearing, instructed him to confer with counsel regarding the proper filing of such a motion, and even previewed to Mr.

7

Gedeon the questions that he would be asked during a hearing on a motion to proceed *pro se* in order to facilitate his preparation.

Although during the March 23, 2023 hearing the Court noted that there were still *pro se* motions pending on the docket and briefly discussed the status of these motions, the primary focus of this hearing was addressing and resolving Mr. Gedeon's motion to proceed *pro se*. The Court, after asking Mr. Gedeon whether he still wanted to represent himself, went through the familiar colloquy with Mr. Gedeon before granting his motion and authorizing him to represent himself. The discussion of the still-pending *pro se* motions during this hearing was necessary because the Court determined at that time that these motions would remain pending while the Court appointed standby counsel for Mr. Gedeon. Thus, to the extent the Court's discussion of these same *pro se* motions caused any delay, such a delay was justified by Mr. Gedeon's unique needs and demands. *See Barker*, 407 U.S. at 531.

As to the final cause for alleged delay—the Court's ordering of the Government to respond to a motion for recusal that was later withdrawn—the docket does not reflect that the Court ordered the Government to respond to any such motion. Mr. Gedeon filed a motion for recusal on August 31, 2022. He then filed a motion to withdraw the motion for recusal on September 28, 2022. The Court granted Mr. Gedeon's motion to withdraw his motion for recusal two days later. There are no orders from the Court during this time requiring the Government to respond to Mr. Gedeon's motion for recusal.[3]

---

[3]   Mr. Gedeon also asserts that he does not know to what the Government's April 7, 2023 filing is in response to because he avers that no motion for recusal is pending. However, on October 21, 2022, Mr. Gedeon filed another motion for recusal, and the Government's filing on April 7, 2023 was a response to that motion for recusal.

8

### 2. **Other Causes of Delay**

In addition to the six alleged causes of delay identified by Mr. Gedeon, the Court considers several other time periods. However, these periods of delay also do not weigh in favor of finding a Sixth Amendment violation because they are excluded under 18 U.S.C. § 3161(h)(7)(A), and as set forth above, "it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to a speedy trial has been violated," *Alvin*, 30 F. Supp. 3d at 340, because "[t]he protections of the Act exceed those of the Sixth Amendment," *Lattany*, 982 F.2d at 870 n.5. Again, this is not that unusual case, and the Court is satisfied that these reasons for delay are valid under the Sixth Amendment.

First, on July 9, 2021, the Court ordered, in light of the COVID-19 pandemic and the restrictions imposed on proceedings held in the United States District Court for the Eastern District of Pennsylvania, that Mr. Gedeon's trial be continued to October 25, 2021. The Court further ordered that under 18 U.S.C. § 3161(h)(7)(A), the period of delay from July 9, 2021 until October 25, 2021 be excluded under the Speedy Trial Act.

Then, on October 5, 2021, Mr. Gedeon's counsel filed a motion to continue the October 25, 2021 trial date. A Consent signed by Mr. Gedeon was filed with that motion to continue, which provided that Mr. Gedeon did not oppose the continuation of the trial date. It further provided that Mr. Gedeon understood that the time between the filing of the motion to continue and the new trial date set by the Court will be excluded under the Speedy Trial Act, and he agreed that this delay will not deprive him of his Sixth Amendment speedy trial rights. Mr. Gedeon's motion to continue was granted, and the new trial was scheduled to begin on February 14, 2022.

On July 18, 2022, Mr. Gedeon's criminal case was reassigned from the docket of the former Chief Judge to this presiding Court. On July 29, 2022, this Court entered an order continuing Mr.

Gedeon's trial date under 18 U.S.C. § 3161(h)(7)(A), (B) "to a date to be set after resolution of the pending motions and defendant's demand to represent himself." July 29, 2022 Order.

\* \* \* \* \*

After considering all of the possible reasons for the delay, the Court finds that this factor weighs against finding a Sixth Amendment violation.

### C.     Mr. Gedeon's Assertion of His Right

"Whether and how a defendant asserts his right [to a speedy trial] is closely related" to the other *Barker* factors. *Barker*, 407 U.S. at 531. "The strength of [a defendant's] efforts [in asserting his right] will be affected by the length of the delay, to some extent by reason for the delay, and most particularly by the personal prejudice, which is not always readily identifiable." *Id.* Mr. Gedeon asserted his right to a speedy trial for the first time on March 9, 2022, when he withdrew his motion to proceed *pro se*. Mr. Gedeon asserted his right to a speedy trial for the second time in the present motion, approximately two years after the indictment. However, Mr. Gedeon's other actions "indicate that he is unwilling or unready to go to trial." *Hakeem*, 990 F.2d at 764; *accord United States v. Loud Hawk*, 474 U.S. 302, 314–15 (1986) (concluding that defendants' repeated assertion of their speedy trial rights "alone does not establish that [defendants] have appropriately asserted their rights because "[t]hese assertions . . . must be viewed in the light of [defendants'] other conduct").

Mr. Gedeon was indicted on May 20, 2021. On October 5, 2021, Mr. Gedeon waived his speedy trial right relating to any delay resulting from his counsel's motion to continue the October 25, 2021 trial date. Mr. Gedeon first asserted his speedy trial right on March 9, 2022; however, this right was asserted in Mr. Gedeon's motion to withdraw his motion to proceed *pro se* filed on November 12, 2021. That Mr. Gedeon expressed a desire to represent himself so soon before asserting his right to a speedy trial indicates that Mr. Gedeon was likely not willing or ready to go

10

to trial at this time. *See Hakeem*, 990 F.2d at 764. Similarly, the Court continued the trial date on July 29, 2022 to resolve Mr. Gedeon's various *pro se* motions and to address his desire to represent himself. Mr. Gedeon then asserted his right to a speedy trial for the second time on April 20, 2023, in the instant motion. Although Mr. Gedeon has asserted his speedy trial right twice in the two years since the indictment, his other actions during this time indicate an unwillingness, or a lack of readiness, to go to trial, coupled with the panoply of other demands and motions he has made in the interim. Thus, this factor weighs against finding a Sixth Amendment violation. *See Hakeem*, 990 F.2d at 764; *Loud Hawk*, 474 U.S. at 314–15.

### D. Prejudice to Mr. Gedeon

There are two ways in which a defendant can establish prejudice. *Battis*, 589 F.3d at 682. "First, he can affirmatively prove his suffering 'oppressive pretrial incarceration,' that he experiences 'anxiety and concern' because of the impending trial, or, most importantly, that his defense has been 'impaired as a result of the delay.'" *Nikparvar-Fard*, 2022 WL 17996018, at *9 (quoting *Battis*, 589 F.3d at 682). "Second, a defendant can claim presumptive prejudice based on 'excessive delay [which] presumptively compromises the reliability of trial in ways that neither party can prove or, for that matter, identify." *Id.* (quoting *Battis*, 589 F.3d at 682). Mr. Gedeon does not address the possible issue of prejudice in his Motion to Stop Dilatory Practices, thus the Court is unable to evaluate how this delay allegedly prejudiced Mr. Gedeon, particularly given Mr. Gedeon's own role in bringing about so much of the delay.

Upon consideration of all of the *Barker* factors, the Court concludes that Mr. Gedeon's Sixth Amendment speedy trial right has not been violated.

\* \* \* \* \*

To the extent Mr. Gedeon's present motion is based on prejudice arising from delay, the Court declines to dismiss the indictment under Rule 48(b) because the Court found no violation of

11

Mr. Gedeon's Sixth Amendment speedy trial rights. *See Nikparvar-Fard*, 2022 WL 17996018, at *12 (declining to dismiss indictment under Rule 48(b) because the Court found no violation of defendants' Sixth Amendment speedy trial rights); *Zabady*, 546 F. Supp. at 38–40 (conducting an analysis under the *Barker* test to determine whether dismissal under Rule 48(b) was appropriate).

## II.     Want of Prosecution

To the extent Mr. Gedeon requests this Court use its inherent power to a dismiss the case for want of prosecution, the motion will be dismissed. A court's exercise of an inherent authority (1) "must be a 'reasonable response to the problems and needs' confronting the court's fair administration of justice;" and (2) "cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Degen v. United States*, 517 U.S. 820, 823–24 (1996)). Thus, "a court may dismiss an indictment . . . only if the Government engaged in misconduct, the defendant was prejudiced, and no less severe remedy was available to address the prejudice." *Wright*, 913 F.3d at 371; *see also Hunt v. United States*, 456 F.2d 582, 584 (3d Cir. 1972) ("An indictment should not be dismissed unless there has been deliberate or oppressive action by law enforcement officials.").

Here, the Court will not exercise its inherent power to dismiss the indictment under Rule 48(b) for want of prosecution because there is no reason to be critical of the Government's diligence in this case. Mr. Gedeon has not alleged that the Court engaged in misconduct which delayed his trial. *See Wright*, 913 F.3d at 372 (concluding that dismissal under Court's inherent authority was not warranted when Government performed diligently); *Murrietta*, 2022 WL 2117766, at *4 (declining to dismiss indictment for want of prosecution where defendant failed to allege Government misconduct). Further, Mr. Gedeon has not alleged that the Court engaged in "bad faith, purposeful delay, oppressive action or material prejudice." *Hunt*, 456 F.2d at 584; *see also United States v. Rodriguez-Mendez*, No. 17-cr-15-1, 2021 WL 3025898, at *10 (W.D. Pa.

12

July 16, 2021) (denying motion to dismiss indictment "in the absence of a showing of any misconduct or oppressive action on the part of the Government"). The Court's management of the case has been addressed. Thus, Mr. Gedeon has failed to make the necessary showing to warrant dismissal of the indictment under Rule 48(b) and his motion will be denied.

## CONCLUSION

For all of these reasons, Mr. Gedeon's Motion to Stop Dilatory Practices is denied. An appropriate order follows.

BY THE COURT:

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**